IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONYA SUTTON,

    Plaintiff,

v.                      Case No.

HEARTLAND PAYMENT SYSTEMS, LLC
and JOSEPH WAYNE RIGSBY, SR.,

    Defendants.

## NOTICE OF REMOVAL

Defendant Heartland Payment Systems ("Heartland") hereby removes this lawsuit to the United States District Court for the District of New Mexico and as grounds therefore states as follows:

1. Plaintiff Tonya Sutton ("Plaintiff" or "Sutton") commenced this action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Civil Action No. D-202-CV-2018-03663, by the filing of a May 10, 2018 Complaint for Breach of Contract, conversion, Unjust Enrichment and Conspiracy ("Original Complaint"). Plaintiff never served the Original Complaint. Plaintiff filed her First Amended Complaint for Breach of Contract, Conversion, Unjust Enrichment and Conspiracy on May 30, 2018 ("Amended Complaint"). Plaintiff served Heartland with the Amended Complaint on June 27, 2018. As of the date of this filing, Plaintiff has yet to serve the remaining defendant Joseph Wayne Rigsby, Sr. ("Rigsby"). Copies of all pleadings filed in that action are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. In her Amended Complaint, Plaintiff claims that "[o]n or about August 29, 2011, the [Divorce] Court entered a Qualified Domestic Relations Order which required [Heartland] to

make distributions to Sutton from Rigsby's 401K," that Heartland "failed to distribute Rigsby's 401K account to Sutton as required by the Court Order," and "Sutton is entitled to recover from [Heartland] the value of Rigsby's 401K account on August 29, 2011." (Am. Compl. at ¶¶ 9, 11-12.) Plaintiff further claims that Heartland "converted her portfolio into Rigsby's portfolio account" and "allowed Rigsby to cash in the portfolio that belonged to Sutton, without Sutton's knowledge," entitling her "to judgment against [Heartland] in the amount of the portfolio that was converted, which on information and belief, was valued at $300,000.00." (*Id.* at ¶¶ 19, 21, 28.) Plaintiff also claims that Heartland "and Rigsby conspired to deprive Sutton of her portfolio with HPS and Rigsby's 401(k) account at [Heartland]," and that Heartland "and Rigsby are jointly and severally liable for the amount of funds in Sutton's portfolio and Rigsby's 401(k) account that was distributed to Rigsby." (*Id.* at ¶¶ 2-3.)

3. Examining the "well-pleaded" allegations of Plaintiff's Amended Complaint reveals that Plaintiff is claiming an entitlement to ERISA-regulated benefits and is attempting to enforce rights Plaintiff contends she has for benefits pursuant to ERISA-covered plans that Heartland controlled. (*See generally id.*) Accordingly, Plaintiff's claims, in whole or in part, are alleged to fall within the scope of ERISA § 502(a) and are completely preempted. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (holding that when determining whether a claim arises under federal law for removal purposes, the court should examine the well-pleaded allegations of the plaintiff's complaint and ignore potential defenses); *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 250 (2008) (noting that the 401(k) retirement savings plan at issue was "ERISA-regulated"); *Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1156 (10th Cir. 2004) (explaining that the "preemptive force of § 502(a) is so 'extraordinary' that it converts a state claim into a federal claim for purposes of removal and the well-pleaded complaint rule"); *Pilot Life Ins. Co. v.*

*Dedeaux*, 481 U.S. 41, 48 (1987) ("The common law causes of action raised in [the plaintiff's] complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 1144(a)").

    4. ERISA explicitly provides that it preempts state law causes of action that "relate to an employee benefit plan." 29 U.S.C. § 1144(a). Plaintiff's claims "relate to" an ERISA-covered employee benefit plan because the term "relates to" means having "a connection with or reference to" an ERISA employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). The Supreme Court has recognized that the comprehensive remedial scheme established by ERISA, 29 U.S.C. § 1001, *et seq.*, is one area in which Congress intended to "occupy the field", thus providing for complete preemption of state law claims irrespective of the absence of an explicit federal claim pled on the face of the complaint. *See Dedeaux*, 481 U. S. at 48; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-67 (1987). The detailed provisions of Section 1132(a) constitute a comprehensive civil enforcement scheme, the policy choices reflected in which would be undermined if ERISA-plan plan participants could obtain remedies under state law that Congress rejected in enacting ERISA. Thus, "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. v Davila*, 542 U.S. 200, 207, 208-209 (2004) (quoting and citing *Pilot Life Ins. Co.*, 481 U.S. at 54-56).

    5. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. § 1331, the District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties. Thus, this civil action is one over

which this Court has original and/or exclusive jurisdiction and it is one that may be removed to this Court by Heartland.

6. Heartland is the only defendant who has been properly joined and served, and has filed this Notice of Removal within 30 days of being served with Plaintiff's Amended Complaint. *See* 28 U.S.C. § 1446(b). The state court in which this action was commenced is within this Court's district. As set forth above, this Court has federal question jurisdiction over the subject matter of the Amended Complaint, which is therefore properly removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

7. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this notice, Heartland will give written notice of the filing thereof to Plaintiff and will file a copy of the notice with the Clerk of the Second Judicial District in Bernalillo County, New Mexico, from which this action was removed.

WHEREFORE, Heartland respectfully removes this action from state court into this Court for trial and determination.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____*/s/ Krystle A. Thomas – electronically filed*
    Nelson Franse
    Krystle A. Thomas
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
*Attorneys for Defendant Heartland Payment Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I filed the foregoing pleading electronically through the Court's CM/ECF system and served all parties or counsel of record by electronic mail as follows:

Stephen P. Curtis / abqcurtis@gmail.com

>RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
>
>By   */s/ Krystle A. Thomas*
>      Krystle A. Thomas