FILED IN MY OFFICE
DISTRICT COURT CLERK
5/10/2018 3:41 PM
James A. Noel
Catherine Chavez

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**TONYA SUTTON,**

      **Plaintiff,**                            D-202-CV-2018-03663

**vs.**

**HEARTLAND PAYMENT SYSTEMS, INC.**
 **and JOSEPH WAYNE RIGSBY, SR.**

      **Defendants.**

**COMPLAINT FOR BREACH OF CONTRACT, CONVERSION,**
**UNJUST ENRICHMENT AND CONSPIRACY**

    COMES NOW Tonya Sutton, by and through her attorney, Stephen P. Curtis, Attorney at Law, P.C. (Stephen P. Curtis, Esq.), and for her Complaint states as follows:

**Count I**

1.     Tonya Sutton (herein "Sutton") is a resident of the County of Bernalillo, State of New Mexico and was formerly known as Tonya E. Rigsby.

2.     Heartland Payment Systems, Inc. (herein "HPS") is a Delaware Corporation qualified to do business in and doing business in the State of New Mexico.

3.     Joseph Wayne Rigsby, Sr. (herein "Rigsby") is a resident of the County of Bernalillo, State of New Mexico.

4.     This cause of action arises from the commission of a tort in the State of New Mexico.

5.     Prior to November 23, 2003, Sutton was employed by Morgan Stanley Dean Witter selling financial services, including, but not limited to, payroll and credit card services.

6.     Prior to November 23, 2003, Dean Witter Discover Card offered Sutton an early retirement buyout, and Sutton accepted the package, which included a non-compete clause.

**EXHIBIT A**

7.      Sutton married Joseph Wayne Rigsby (herein "Rigsby") on February 20, 2004.

8.      On or about November 23, 2003, HPS hired Sutton with the expectation that she would train Rigsby.

9.      On or about November 23, 2002, HPS, Sutton and Rigsby agreed that Sutton possessed the knowledge of the financial services industry required to build a business relationship with merchants in the geographic area of Indiana.

10.     The agreement among HPS, Sutton and Rigsby was intended to allow Sutton to market HPS's services to former clients of hers at Dean Witter Discover Card without triggering the non-compete clause in Sutton's retirement agreement.

11.     The agreement permitted Rigsby to "solicit" Sutton's previous clients in Indiana without her personal involvement.

12.     The agreement permitted Sutton to remain retired and work "off the books" with Rigsby.

13.     As a result of Sutton's expertise and success in obtaining clients, HPS promoted Rigsby to Division Manager for New Mexico and relocated Sutton & Rigsby to New Mexico.

14.     When Sutton and her husband, Rigsby, were both employed with HPS, they were placed on a dual employee identity system.

15.     Sutton retired from HPS in 2006 but, pursuant to the agreement among HPS, Sutton and Rigsby, remained active in the "family" meetings and continued to bring in new clients to HPS using Rigsby's position as employee.

16.     At the time Sutton retired from HPS, she was the owner of a portfolio with HPS that was based on the clients that she had obtained.

2

17.     At the time Sutton retired from HPS, she was fully vested in her portfolio with HPS.

18.     At some time after her marriage to Rigsby in 2004, unknown to Sutton, HPS converted her portfolio into Rigsby's portfolio account.

19.     At the time that HPS converted her portfolio to Rigsby's portfolio, it was valued at over $300,000.00.

20.     HPS allowed Rigsby to cash in the portfolio that belonged to Sutton, without Sutton's knowledge.

21.     It was not until April of 2015, when HPS produced documents in response to a Subpoena served in Sutton's and Rigsby's divorce case that Sutton learned that HPS had converted her portfolio.

22.     After the filing of the divorce action by Rigsby against Sutton, HPS acted to protect Rigsby at the expense of Sutton and threatened to pursue a claim for breach of a non-compete clause in Sutton's Employment Agreement.

23.     HPS converted Sutton's portfolio to its own use and to the benefit of itself and Rigsby, all to the detriment of Sutton.

24.     HPS benefitted from its conversion of Sutton's portfolio, because Rigsby was then permitted to cash out the portfolio, which permitted HPS to retain the benefits of the portfolio itself.

25.     HPS's actions were intentional, fraudulent, in bad faith and in reckless disregard of Sutton's rights.

26.     Sutton is entitled to an award of punitive damages against HPS.

27.     Sutton is entitled to judgment against HPS in the amount of the portfolio that was converted, which on information and belief, was valued at $300,000.00.

3

WHEREFORE, Tonya Sutton prays for judgment against Heartland Payment Systems, Inc. in the amount of $300,000.00 or such damages as is proved at trial, for punitive damages as determined at trial, for her costs and for such other relief which the Court deems appropriate.

## Count II

1.     Sutton realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of Count I, as though fully set forth herein.

2.     On or about December 24, 2008, Rigsby committed a battery on Sutton.

3.     As a result of the battery on December 24, 2008, Sutton filed a Domestic Violence Action in the State of New Mexico, and Rigsby filed a Petition for Divorce in the State of New Mexico.

4.     The Court in the Domestic Violence case issued a Restraining Order on April 14, 2009.  A true and correct copy of this Order of Protection is attached hereto as Exhibit 1 and incorporated herein.

5.     The Order of Protection ordered that the "Heartland Portfolio and 401K Accounts are frozen pending final Orders of the Divorce Court."

6.     On or about January 5, 2010, the Order of Protection was extended until January 5, 2015.  A true and correct copy of this Order Extending Order of Protection is attached hereto as Exhibit 2 and incorporated herein.

7.     HPS was provided with a copy of the Order of Protection and the Order Extending Order of Protection.

8.     As a result of the divorce and the domestic violence action, Sutton obtained a Judgment against Rigsby.

4

9.     On or about August 29, 2011, the Court entered a Qualified Domestic Relations Order which required HPS to make distributions to Sutton from Rigsby's 401K. A true and correct copy of this Qualified Domestic Relations Order is attached hereto as Exhibit 3 and incorporated herein.

10.    This Qualified Domestic Relations Order was sent to HPS by Sutton's attorney. A true and correct copy of a letter with Return Receipt is attached hereto as Exhibit 4 and incorporated herein.

11.    HPS failed to distribute Rigsby's 401K account to Sutton as required by the Court Order.

12.    Sutton is entitled to recover from HPS the value of Rigsby's 401K account on August 29, 2011.

WHEREFORE, Tonya Sutton prays for judgment against Heartland Payment Systems, Inc. in such amount as is proved at trial, for punitive damages as determined at trial, for her costs and for such other relief which the Court deems appropriate.

## Count III

1.     Sutton realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 of Count I and 2 through 12 of Count II, as though fully set forth herein.

2.     Rigsby converted to his own use the portfolio of Sutton's at HPS.

3.     Rigsby obtained the funds in his 401(k) account at HPS in violation of the Court's Order.

4.     Rigsby has been injustly enriched by his conversion of the funds in Sutton's HPS Portfolio and Rigsby's 401(k) account.

5.     Rigsby is liable to Sutton for all funds distributed to him by HPS from the portfolio

5

of Sutton and from Rigsby's 401(k) account at HPS.

6.      It would be inequitable for Rigsby to retain the funds distributed to him by HPS.

7.      Rigsby's actions were intentional, fraudulent, in bad faith and in reckless disregard of Sutton's rights.

8.      Sutton is entitled to an award of punitive damages against Rigsby, for her costs and for such other relief which the Court deems appropriate.

WHEREFORE, Tonya Sutton prays for Judgment against Joseph Wayne Rigsby, Sr. in the amount of $300,000.00 or such damages as is proved at trial, for punitive damages as determined at trial, for her costs and for such other relief which the Court deems appropriate.

## Count IV

1.      Sutton realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 of Count I, 2 through 12 of Count II and 2 through 8 of Count III as though fully set forth herein.

2. HPS and Rigsby conspired to deprive Sutton of her portfolio with HPS and Rigsby's 401(k) account at HPS.

3.      HPS and Rigsby are jointly and severally liable for the amount of funds in Sutton's portfolio and Rigsby's 401(k) account that was distributed to Rigsby.

WHEREFORE, Tonya Sutton prays for judgment against Heartland Payment Systems, Inc. and Joseph Wayne Rigsby, Sr., jointly and severally, in the amount of $300,000.00 or such damages as proved at trial, for punitive damages as determined at trial, for her costs and for such other relief which the Court deems appropriate.

STEPHEN P. CURTIS,
ATTORNEY AT LAW, P.C.

By: _____
Stephen P. Curtis, Esq.
6747 Academy Road NE, Suite D
Albuquerque, New Mexico 87109
(505) 884-9999/884-1404 Fax

District Court Civil
Form 4-971

Supreme Court Approved
October 29, 2008

FILED
SECOND JUDICIAL DISTRICT

**Second** Judicial District

**Bernalillo** County, New Mexico

## Order of Protection
☐ Amended Order

Case No. **DV 2008-2352**
Rel. to **DM 09-345**

09 APR 14 PM 1: 27

*Juanita M. Duran*

PROTECTED PARTY ([ ] PETITIONER [ ] RESPONDENT)

**Tonya   E.   Rigsby**
First        Middle        Last

And/or on behalf of minor family member(s): (list name and DOB)

**Alexander C. Oakley**

PROTECTED PARTY IDENTIFIERS

**9-1-1968**
Date of Birth of Protected Party

Other Protected Persons/DOB

**12-30-94**

### V.

RESTRAINED PARTY

**Joseph W. Rigsby, Sr.**
First        Middle        Last

Relationship to Protected Party: **Spouse**

**11415 Manitoba Rd NE**
Restrained Party's Address
**Albuquerque, NM 87111**

RESTRAINED PARTY IDENTIFIERS

| SEX | RACE | DOB | HT | WT |
|------|------|------|------|------|
| Male | White | 1-31-70 | 5'7" | 140 |
| EYES | HAIR | SOCIAL SECURITY # | | |
| Hazel | Red | Not used in New Mexico | | |
| DRIVERS LICENSE # | | STATE | EXP DATE | |
| 605262-026 | | NM | 2-13-10 | |

Distinguishing Features _____

CAUTION:
☐ Weapon Involved

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and the Restrained Party has been provided with reasonable notice and opportunity to be heard.

☒ Additional findings of this order follow on succeeding pages.

**THE COURT HEREBY ORDERS:**
☒ That the above named Restrained Party be restrained from committing further acts of abuse or threats of abuse.
☒ That the above named Restrained Party be restrained from any contact with the Protected Party.
☒ Additional terms of this order are as set forth on succeeding pages.

The terms of this order shall be effective until **October 14**, **2009**.

**WARNINGS TO RESTRAINED PARTY:**
This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands under 18 U.S.C. Section 2265. Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment under 18 U.S.C. Section 2262.

As a result of this order, it may be unlawful for you to possess or purchase ammunition or a firearm, including a ... le, pistol or revolver, under 18 U.S.C. Section 922(g)(8). If you have any questions whether federal law makes it illegal for you to possess or purchase a firearm, you should consult an attorney.

Only the court can change this order.

Page 1 of _5_                    *Judge's signature on last page*

EXHIBIT
**1**

ADDITIONAL PAGES OF
STIPULATED ORDER OF PROTECTION
AGAINST RESPONDENT

The court further FINDS, CONCLUDES AND ORDERS:

1.    NOTICE, APPEARANCES AND STATUS

This order was entered on stipulation of the parties.

☒ The relationship of the parties is that of an "intimate partner" as defined in 18 USC Section 921(a)(32).  (*See 2 below*)

2.    EFFECT OF STIPULATION TO ORDER OF PROTECTION

Violation of this order can have serious consequences, including:

A.    If you violate the terms of this order, you may be charged with a misdemeanor, which is punishable by imprisonment of up to three hundred sixty four (364) days and a fine of up to one thousand dollars ($1,000) or both.  You may be in contempt of court.

B.    If you are the spouse or former spouse of the other party, an individual who cohabitates with or has cohabitated with the other party, or if you and the other party have had a child together, federal law prohibits you from possessing or transporting firearms or ammunition while this order is in effect.  If you have a firearm or ammunition, you should immediately dispose of the firearm or ammunition.  Violation of this law is a federal crime punishable by imprisonment for up to ten (10) years and a fine of up to two hundred fifty-thousand dollars ($250,000).

C.    If you are not a citizen of the United States, violation of this order may have a negative effect on your application for residency or citizenship.

3.    DOMESTIC ABUSE PROHIBITED

The respondent shall not abuse the petitioner or members of the petitioner's household.

"Abuse" means any incident by respondent against the petitioner or petitioner's household member resulting in (1) physical harm; (2) severe emotional distress; (3) bodily injury or assault; (4) a threat by respondent causing imminent fear of bodily injury to petitioner or petitioner's household member; (5) criminal trespass; (6) criminal damage to property; (7) repeatedly driving by petitioner's or petitioner's household members' residence or workplace; (8) telephone harassment; (9) stalking; (10) harassment; or (11) harm or threatened harm to children in any manner set forth above.

Respondent shall not ask or cause other persons to abuse the petitioner or petitioner's household members.

Respondent shall stay 100 yards away from the petitioner and the petitioner's home and workplace at all times, unless at a public place, where the respondent shall remain 25 yards away from the petitioner except as specifically permitted by this order.

Respondent shall not telephone, talk to, visit or contact petitioner in any way except as follows:  *(check only applicable paragraphs)* *No Exceptions.*

[ ]   The parties may contact each other by telephone regarding medical emergencies of minor children;

[ ]   _____

_____

[ ]   The parties may attend joint counseling sessions at the counselor's discretion.

*(Unless the court has entered an order sealing the protected party's address, include it below.)* *Order Sealing On File*

**Protected party's addresses:**

_____   *(home address)*
_____   *(work address)*
_____   *(city)*
_____   *(if applicable, tribe or pueblo)*
_____   *(state and zip code)*

## 5. COUNSELING  *None*

[ ]   Petitioner shall attend and complete counseling at _____, contacting that office within five (5) days. The petitioner shall participate in, attend and complete counseling as recommended by the named agency.

[ ]   Respondent shall attend and complete counseling at _____, contacting that office within five (5) days. The respondent shall participate in, attend and complete counseling as recommended by the named agency.

[ ]   Petitioner shall report to _____ for a [ ] drug [and] [ ] alcohol screen by _____, _____ (date) with the results returned to this court.

[ ]   Respondent shall report to _____ for a [ ] drug [and] [ ] alcohol screen by _____, _____ (date) with the results returned to this court.

[ ]   Other counseling requirements: _____

_____.

[ ] The court's orders regarding the minor [child] [children] of the parties are found in the Custody, Support and Division of Property Attachment[4] of this order of protection.

7. **PROVISIONS RELATING TO SUPPORT**

[ ] The court's orders regarding support issues for the parties are found in the Custody, Support and Division of Property Attachment of this order of protection.

8. **PROPERTY, DEBTS, PAYMENTS OF MONEY**

[ ] The court's orders regarding property, debts and payment of money are addressed in the Custody, Support and Division of Property Attachment of this order of protection.

9. **ADDITIONAL ORDERS**

[ ] Review hearing. [ ] Petitioner [ ] Respondent is ordered to appear for a review hearing on the _____ day of _____, _____, at _____ (a.m.) (p.m.). Failure to appear may result in the issuance of a bench warrant for your arrest or dismissal of this order.
Any party ordered to attend counseling shall bring proof of counseling to the review hearing.

IT IS FURTHER ORDERED: All motions alleging violations of protection order are vacated, and may be re-set at either party's request. The Heartland Portfolio and 401(K) accounts are frozen pending final orders of the Divorce Court.

10. **PETITIONER SHALL NOT CAUSE VIOLATION**

While this order of protection is in effect, the petitioner should refrain from any act that would cause the respondent to violate this order. This provision is not intended to and does not create a mutual order of protection. Under Section 40-13-6(D) NMSA 1978 only the restrained party can be arrested for violation of this order.

11. **NOTICE TO LAW ENFORCEMENT AGENCIES**

**ANY LAW ENFORCEMENT OFFICER SHALL USE ANY LAWFUL MEANS TO ENFORCE THIS ORDER.**

[ ] Respondent is ordered to surrender all keys to the residence to law enforcement officers.

[ ] Law enforcement officers or _____ shall be present during any property exchange.

_New Mexico_, Cause No. _DV-2008-235-2_ to the extent that there are contradictory provisions.

12.    **NOTICE TO PETITIONER AND RESPONDENT**

This order does not serve as a divorce and does not permanently resolve child custody or support issues.

13.    **AGREEMENT OF PARTIES**

Without admitting that domestic abuse has occurred, the parties stipulate to the entry of this order and affirm that they have read and do understand the affects of this order as stated in Paragraph 2.

| | |
|---|---|
| Petitioner's signature | Respondent's signature |
| Petitioner's counsel, if any | Respondent's counsel, if any |
| 4-14-09 | 4-14-09 |
| Date | Date |

14.    **RECOMMENDATIONS**

I have:
[X]    reviewed the pleading for order of protection;
[X]    prepared this order as my recommendation to the district court judge regarding disposition of requests for order of protection.

_____
Domestic Violence Special Commissioner
Court's telephone number: (505) 841-6737

**SO ORDERED.**

_____
District Judge

[ ]    A copy of this order was [ ] hand delivered [ ] faxed [ ] mailed to [ ] respondent [ ] respondent's counsel on _____, _____.

[ ]    A copy of this order was [ ] hand delivered [ ] faxed [ ] mailed to [ ] petitioner [ ] petitioner's counsel on _____, _____.

_____
Signed

Page 5 of 5

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

_Tonya Rigsby_

PETITIONER,

VS.

_Joseph W Rigsby_

RESPONDENT.

DV _08 - 2352_

FILED
SECOND JUDICIAL DIST
2010 JAN -5 AM 9: 5
_Juanita M Duran_

## ORDER EXTENDING ORDER OF PROTECTION

THIS MATTER came before the Special Commissioner on _1/5/10_,

on a Motion to Extend Order of Protection filed on _10/13/09_,

The Petitioner was present in person and represented by _self_,

and the Respondent was present in person and represented by _self_

The Special Commissioner having heard testimony, offers of proof and argument, enters

the following Findings and Recommendations:

_entry by agreement_

For good cause shown, the Order of Protection against Petitioner/Respondent

is extended and will expire on _January 5, 2015_. All other provisions of the

Order will remain in full force and effect unless modified below.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS ORDER MUST ALWAYS REMAIN ATTACHED TO THE ORDER OF

PROTECTION.

_RC Ayala_

SPECIAL COMMISSIONER

The above Findings and Recommendations are hereby Reviewed, Approved, and

Adopted as an Order of the Court.

_Angela Jewell_

DISTRICT COURT JUDGE

**EXHIBIT
2**
tabbies

GREGG G. VELASQUEZ
ATTORNEY AT LAW

August 15, 2011

Matt Meler
Heartland Payment Systems
25111 Country Club Blvd., Ste. 225
North Olmsted, Ohio 44070

Re:    Qualified Domestic Relations Order; Rigsby v. Rigsby; DM-2009-0345
        Bernalillo County, New Mexico

Dear Mr. Meler:

Enclosed please find a proposed Qualified Domestic Order for your review and the plans approval.

For the protection of the parties the full social security numbers are provided under this cover only.  Joseph Wayne Rigsby, Social Security Number: 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 and Tonya Evelyn Beatty Sutton Social Security Number: 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.

If you have any questions, please call.

Very Truly

Gregg G. Velasquez
Attorney at Law

Enclosures (as stated)

Cc:    Joseph Wayne Rigsby
       Tonya Evelyn Beatty Sutton

3009 Louisiana Blvd. NE
Albuquerque, NM 87110
(505) 883-0918
Fax (505) 883-0928

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

NORTH OLMSTED OH 44070

| | | |
|---|---|---|
| Postage | $ | $0.64 |
| Certified Fee | | $2.85 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.79 |

0112

MANZANO STA ALBUQUERQUE NM

Postmark
Here
AUG 29 2011

08/29/2011
USPS 87112

Sent To *Heartland Payment Systems*
Street, Apt. No.; or PO Box No. *25111 Country Club Ste 225*
City, State, ZIP+4 *North Olmstead Ohio 44070*

PS Form 3800, August 2006                See Reverse for instructions

7011 1150 0082 2720 9114

• Fold at this box •

USPS
Permit No. G-10
First-Class Mail
Postage & Fees Paid

---

UNITED STATES POSTAL SERVICE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Matt Meler
Heartland Payment Systems
25111 Country Club Blvd., Ste 225
North Olmstead, Ohio
44070*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
(Transfer from service label)   7011 1150 0082 2720 9114

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

2011 AUG 29  AM 11: 11

DM-2009-0345

JOSEPH WAYNE RIGSBY SR.,

   PETITIONER,

VS.

TONYA EVELYNN RIGSBY,

   RESPONDENT.

<u>QUALIFIED DOMESTIC RELATIONS ORDER</u>

  Petitioner and Respondent were married to each other on February 20, 2004 and were

divorced on May 16, 2011.

  This Court has personal jurisdiction over both Petitioner and Respondent, and jurisdiction

over the subject matter of this Order and this dissolution of marriage action.

  Petitioner, Respondent and the Court intend intend that this Order shall be a Qualified

Domestic Relations Order (hereinafter referred to as a "QDRO") as that term is used in the

Retirement Equity Act of 1984, as amended (the "Act"), Section 206 (d) of the Employee Retirement

Income Security Act of 1974, as amended ("ERISA") and Section 414(p) of the Internal Revenue

Code of 1986, as amended (the "Code").

  This QDRO is entered pursuant to the authority granted under the applicable domestic

relations laws of the state of New Mexico.



EXHIBIT
4

1.     **Participant Information**

The name, address, Social Security number, and date of birth of the Participant are as follows:

Name:        Joseph Wayne Rigsby, Sr.

Address:     2908 Sierra Dr. NE, Albuquerque, NM 87110

Social Security Number:     XXX-XX-6224  (Full SSN provided under separate cover)

Date of Birth: January 31, 1970

**2.     Alternate Payee Information**

The person named as Alternate Payee meets the requirements of the definition of Alternate Payee as set forth in Section 4 below.  The Alternate Payee's name, address, Social Security number, and date of birth of the Participant are as follows:

Name:       TONYA EVELYN RIGSBY  n/k/a TONYA EVELYN BEATTY SUTTON

Address:    8389 Quince Rd., Plymouth, IN 46563

Social Security Number:     XXX-XX-8800 (Full SSN provided under separate cover)

Date of Birth: September 1, 1968

**3.     Name of Plan**

The Plan to which this Order applies is the Heartland 401K. The Account number is
_____. Any successor to this Plan shall also be subject to the terms of the Order.

**4.     Definitions**

"Division Date" is the date on which the account is divided, which may be the date of separation or the date of divorce or such other date as agreed upon for the division of the property.

"Participant's Account" means all of the accounts of the Participant in the Plan.

**5.     Benefit Payable to Alternate Payee**

The Order assigns to the Alternate Payee an amount equal to 100% of the Participant's Vested Account Balance under the Plan (indentified in Section 3) as of May 16, 2011, the Division Date.

From the Division Date to the date the Alternate Payee's account is established, the amount assigned to the Alternate Payee:

> (X) Will include earnings and losses.

> ( ) Will not include earnings and losses.

6.     The Alternate Payee's interest in the Plan determined in accordance with Paragraph 5 above shall be segregated and transferred into a separate account ("the Alternate Payee's Account").  The Alternate Payee's Account shall be administered under the terms of the Plan as a separate account.

7.     In accordance with the Plan's customary procedures, the Alternate Payee shall have the exclusive right to direct and manage the investment of the Alternate Payee's Account, pending distribution.

8.     The Alternate Payee's Account shall be paid in full to the Alternate Payee or directly transferred to his/her individual retirement account, at his/her election, as soon as administratively feasible after this Order is approved by the Plan as a QDRO and the Alternate Payee's Account is established pursuant to Paragraph 6 above, provided that if the Alternate Payee's consent is required under the terms of the Plan and the Alternate Payee does not consent to such distribution or transfer, payment of the Alternate Payee's Account shall be deferred in accordance with the terms of the Plan. In no event will payment of the Alternate Payee's Account begin later than the latest date permitted by Code Section 401(a)(9).

9.     The Alternate Payee shall have the right to designate the beneficiary of the Alternate Payee's Account in the event of the Alternate Payee's death prior to full payment,  without regard to any beneficiary designation made by the Participant with respect to his interest in the Plan.  In the absence of a designated beneficiary, the Alternate Payee's Account payable pursuant to this

subparagraph shall be paid to the Alternate Payee's estate. The designated beneficiary or the estate shall be paid in accordance with the terms of the Plan and this Order.

10.    If the Participant dies prior to the full payment to the Alternate Payee of the Alternate Payee's Account pursuant to this Order, the Alternate Payee shall be treated as a surviving spouse of the Participant for purposes of Sections 401(a)(11) and 417 of the Code and Sections 205 and 206 of ERISA with respect to all amounts held for the Alternate Payee in the Alternate Payee's Account and all such amounts to be paid to him or her as a survivor death benefit.

11.    To the extent required by the Plan, the Code or ERISA, the Alternate Payee shall execute any and all forms necessary to cause the distribution of the Alternate Payee's Account.

12.    The Alternate Payee shall be responsible for her own federal, state and local income and other taxes attributable to any and all distributions to her from the Plan. For Purposes of the Code, the Alternate Payee shall be treated as the distributee and recipient of any distribution or payment made (or deemed made) to the Alternate Payee under this Order. As such, the Participant shall not be treated (or deemed) as the distributee of such benefits.

13.    The Court retains jurisdiction to amend this Order to establish and/or maintain its qualification as a QDRO under the Act and ERISA, and to resolve any dispute that may arise hereunder.

14.    Nothing in this Order shall be construed to require the Plan to:

    A.    Provide to the Alternate Payee any type or form of benefit or any option not otherwise available to the Participant under the Plan.

    B.    Provide the Alternate Payee increased benefits (determined on the basis of actuarial value) not available to the Participant.

C.     Pay any benefits to the Alternate Payee that are required to be paid to another alternate payee.

D.     Make any payment or take any action that is inconsistent with any federal law, rule, regulation or applicable judicial decision, including any such authority prescribing conditions for the continued qualification or tax-exempt status of the Plan.

IT IS SO ORDERED.

Dated:   8/29/11

_____
ALISA HADFIELD
DISTRICT JUDGE

APPROVED:

_____
TONYA EVELYN RIGSBY
Respondent/Alternate Payee

_____
Gregg G. Velasquez
Attorney for Respondent
3009 Louisiana Blvd. NE
Albuquerque, NM 87110
(505) 883-0918

_____
JOSEPH WAYNE RIGSBY, SR.
Petitioner/Participant
2908 Sierra Drive NE
Albuquerque, NM 87110
(505) 235-5083

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/10/2018 3:41 PM
James A. Noel
Catherine Chavez

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**TONYA SUTTON,**

      **Plaintiff,**

                                                             D-202-CV-2018-03663

**vs.**

**HEARTLAND PAYMENT SYSTEMS, INC.**
 **and JOSEPH WAYNE RIGSBY, SR.**

      **Defendants.**

## PLAINTIFF'S CERTIFICATION
## REGARDING ARBITRATION UNDER LOCAL RULE LR2-603

I, Stephen P. Curtis, attorney for Plaintiff, certify that:

__      This case <u>is</u> subject to referral to arbitration under Local Rule LR2-603.  No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000.00, exclusive of punitive damages, interest, costs and attorney's fees.

_X_     This case <u>is not</u> subject to referral to arbitration under Local Rule LR2-603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000.00, exclusive of punitive damages, interest, costs and attorney's fees.

     I further certify that the pleadings in this case are not closed, pursuant to the meaning under the Guidelines of Local Rule LR2-603.

                             STEPHEN P. CURTIS,
                             ATTORNEY AT LAW, P.C.

By: _____
               Stephen P. Curtis, Esq.
               6747 Academy Road NE, Suite D
               Albuquerque, New Mexico 87109
               (505) 884-9999/884-1404 (Fax)

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/30/2018 4:37 PM
James A. Noel
Shellene Romero

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**TONYA SUTTON,**

      **Plaintiff,**

**vs.**                                                                 **D-202-CV-2018-03663**

**HEARTLAND PAYMENT SYSTEMS, LLC**
 **and JOSEPH WAYNE RIGSBY, SR.**

      **Defendants.**

<u>**FIRST AMENDED**</u>
<u>**COMPLAINT FOR BREACH OF CONTRACT, CONVERSION,**</u>
<u>**UNJUST ENRICHMENT AND CONSPIRACY**</u>

COMES NOW Tonya Sutton, by and through her attorney, Stephen P. Curtis, Attorney at

Law, P.C. (Stephen P. Curtis, Esq.), and for her Complaint states as follows:

<u>**Count I**</u>

1.      Tonya Sutton (herein "Sutton") is a resident of the County of Bernalillo, State of New

Mexico and was formerly known as Tonya E. Rigsby.

2.      Heartland Payment Systems, LLC (herein "HPS") is a Delaware limited liability

company qualified to do business in and doing business in the State of New Mexico.

3.      Heartland Payment Systems, Inc. was a Delaware Corporation that was merged into

HPS on May 23, 2016.

4.      Joseph Wayne Rigsby, Sr. (herein "Rigsby") is a resident of the County of Bernalillo,

State of New Mexico.

5.      This cause of action arises from the commission of a tort in the State of New Mexico.

6.      Prior to November 23, 2003, Sutton was employed by Morgan Stanley Dean Witter

selling financial services, including, but not limited to,  payroll and credit card services.

7.    Prior to November 23, 2003, Dean Witter Discover Card offered Sutton an early retirement buyout, and Sutton accepted the package, which included a non-compete clause.

8.    Sutton married Joseph Wayne Rigsby (herein "Rigsby") on February 20, 2004.

9.    On or about November 23, 2003, HPS hired Sutton with the expectation that she would train Rigsby.

10.   On or about November 23, 2002, HPS, Sutton and Rigsby agreed that Sutton possessed the knowledge of the financial services industry required to build a business relationship with merchants in the geographic area of Indiana.

11.   The agreement among HPS, Sutton and Rigsby was intended to allow Sutton to market HPS's services to former clients of hers at Dean Witter Discover Card without triggering the non-compete clause in Sutton's retirement agreement.

12.   The agreement permitted Rigsby to "solicit" Sutton's previous clients in Indiana without her personal involvement.

13.   The agreement permitted Sutton to remain retired and work "off the books" with Rigsby.

14.   As a result of Sutton's expertise and success in obtaining clients, HPS promoted Rigsby to Division Manager for New Mexico and relocated Sutton & Rigsby to New Mexico.

15.   When Sutton and her husband, Rigsby, were both employed with HPS, they were placed on a dual employee identity system.

16.   Sutton retired from HPS in 2006 but, pursuant to the agreement among HPS, Sutton and Rigsby,  remained active in the "family" meetings and continued to bring in new clients to HPS

2

using Rigsby's position as employee.

16.    At the time Sutton retired from HPS, she was the owner of a portfolio with HPS that was based on the clients that she had obtained.

18.    At the time Sutton retired from HPS, she was fully vested in her portfolio with HPS.

19.    At some time after her marriage to Rigsby in 2004, unknown to Sutton, HPS converted her portfolio into Rigsby's portfolio account.

20.    At the time that HPS converted her portfolio to Rigsby's portfolio, it was valued at over $300,000.00.

21.    HPS allowed Rigsby to cash in the portfolio that belonged to Sutton, without Sutton's knowledge.

22.    It was not until April of 2015, when HPS produced documents in response to a Subpoena served in Sutton's and Rigsby's divorce case that Sutton learned that HPS had converted her portfolio.

23.    After the filing of the divorce action by Rigsby against Sutton, HPS acted to protect Rigsby at the expense of Sutton and threatened to pursue a claim for breach of a non-compete clause in Sutton's Employment Agreement.

24.    HPS converted Sutton's portfolio to its own use and to the benefit of itself and Rigsby, all to the detriment of Sutton.

25.    HPS benefitted from its conversion of Sutton's portfolio, because Rigsby was then permitted to cash out the portfolio, which permitted HPS to retain the benefits of the portfolio itself.

26.    HPS's actions were intentional, fraudulent, in bad faith and in reckless disregard of Sutton's rights.

3

27.     Sutton is entitled to an award of punitive damages against HPS.

28.     Sutton is entitled to judgment against HPS in the amount of the portfolio that was converted, which on information and belief, was valued at $300,000.00.

WHEREFORE, Tonya Sutton prays for judgment against Heartland Payment Systems, LLC in the amount of $300,000.00 or such damages as is proved at trial, for punitive damages as determined at trial, for her costs and for such other relief which the Court deems appropriate.

## Count II

1.     Sutton realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of Count I, as though fully set forth herein.

2.     On or about December 24, 2008, Rigsby committed a battery on Sutton.

3.     As a result of the battery on December 24, 2008, Sutton filed a Domestic Violence Action in the State of New Mexico, and Rigsby filed a Petition for Divorce in the State of New Mexico.

4.     The Court in the Domestic Violence case issued a Restraining Order on April 14, 2009.  A true and correct copy of this Order of Protection is attached hereto as Exhibit 1 and incorporated herein.

5.     The Order of Protection ordered that the "Heartland Portfolio and 401K Accounts are frozen pending final Orders of the Divorce Court."

6.     On or about January 5, 2010, the Order of Protection was extended until January 5, 2015.  A true and correct copy of this Order Extending Order of Protection is attached hereto as Exhibit 2 and incorporated herein.

7.     HPS was provided with a copy of the Order of Protection and the Order Extending

4

Order of Protection.

8.      As a result of the divorce and the domestic violence action, Sutton obtained a Judgment against Rigsby.

9.      On or about August 29, 2011, the Court entered a Qualified Domestic Relations Order which required HPS to make distributions to Sutton from Rigsby's 401K.  A true and correct copy of this Qualified Domestic Relations Order is attached hereto as Exhibit 3 and incorporated herein.

10.     This Qualified Domestic Relations Order was sent to HPS by Sutton's attorney.  A true and correct copy of a letter with Return Receipt is attached hereto as Exhibit 4 and incorporated herein.

11.     HPS failed to distribute Rigsby's 401K account to Sutton as required by the Court Order.

12.     Sutton is entitled to recover from HPS the value of Rigsby's 401K account on August 29, 2011.

WHEREFORE, Tonya Sutton prays for judgment against Heartland Payment Systems, LLC in such amount as is proved at trial, for punitive damages as determined at trial, for her costs and for such other relief which the Court deems appropriate.

## Count III

1.      Sutton realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 of Count I and 2 through 12 of Count II, as though fully set forth herein.

2.      Rigsby converted to his own use the portfolio of Sutton's at HPS.

3.      Rigsby obtained the funds in his 401(k) account at HPS in violation of the Court's Order.

4.     Rigsby has been injustly enriched by his conversion of the funds in Sutton's HPS Portfolio and Rigsby's 401(k) account.

5.     Rigsby is liable to Sutton for all funds distributed to him by HPS from the portfolio of Sutton and from Rigsby's 401(k) account at HPS.

6.     It would be inequitable for Rigsby to retain the funds distributed to him by HPS.

7.     Rigsby's actions were intentional, fraudulent, in bad faith and in reckless disregard of Sutton's rights.

8.     Sutton is entitled to an award of punitive damages against Rigsby, for her costs and for such other relief which the Court deems appropriate.

WHEREFORE, Tonya Sutton prays for Judgment against Joseph Wayne Rigsby, Sr. in the amount of $300,000.00 or such damages as is proved at trial, for punitive damages as determined at trial, for her costs and for such other relief which the Court deems appropriate.

## Count IV

1.     Sutton realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 of Count I, 2 through 12 of Count II and 2 through 8 of Count III as though fully set forth herein.

2. HPS and Rigsby conspired to deprive Sutton of her portfolio with HPS and Rigsby's 401(k) account at HPS.

3.     HPS and Rigsby are jointly and severally liable for the amount of funds in Sutton's portfolio and Rigsby's 401(k) account that was distributed to Rigsby.

WHEREFORE, Tonya Sutton prays for judgment against Heartland Payment Systems, LLC. and Joseph Wayne Rigsby, Sr., jointly and severally, in the amount of $300,000.00 or such damages

as proved at trial, for punitive damages as determined at trial, for her costs and for such other relief

which the Court deems appropriate.

STEPHEN P. CURTIS,
ATTORNEY AT LAW, P.C.

By: _____
Stephen P. Curtis, Esq.
6747 Academy Road NE, Suite D
Albuquerque, New Mexico 87109
(505) 884-9999/884-1404 Fax

7

District Court Civil
Form 4-971

Supreme Court Approved
October 29, 2008

FILED
SECOND JUDICIAL DISTRICT

Second Judicial District

Bernalillo County, New Mexico

**Order of Protection**
☐ Amended Order

'09 APR 14 PM 1:27

*Juanita M. Duran*

Case No. DV 2008-2352
rel. to DM 09-345

**PROTECTED PARTY ([ ] PETITIONER [ ] RESPONDENT)**

Tonya E. Rigsby

First      Middle      Last

And/or on behalf of minor family member(s): (list name and DOB)

Alexander C. Oakley

**PROTECTED PARTY IDENTIFIERS**

9-1-1968

Date of Birth of Protected Party

Other Protected Persons/DOB

12-30-94

### V.

**RESTRAINED PARTY**

Joseph W. Rigsby, Sr.

First      Middle      Last

Relationship to Protected Party: Spouse

11415 Manitoba Rd NE

Restrained Party's Address

Albuquerque, NM 87111

**RESTRAINED PARTY IDENTIFIERS**

| SEX | RACE | DOB | HT | WT |
|-----|------|-----|-----|-----|
| Male | White | 1.31.70 | 5'7" | 140 |
| EYES | HAIR | SOCIAL SECURITY # | | |
| Hazel | Red | Not used in New Mexico | | |
| DRIVERS LICENSE # | | STATE | EXP DATE | |
| 605262-026 | | NM | 2-13-10 | |

Distinguishing Features _____

**CAUTION:**
☐ Weapon Involved

_____

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and the Restrained Party has been provided with reasonable
   notice and opportunity to be heard.

☒ Additional findings of this order follow on succeeding pages.

**THE COURT HEREBY ORDERS:**

☒ That the above named Restrained Party be restrained from committing further acts of abuse or threats of abuse.
☒ That the above named Restrained Party be restrained from any contact with the Protected Party.
☒ Additional terms of this order are as set forth on succeeding pages.

The terms of this order shall be effective until   October 14  ,  2009  .

**WARNINGS TO RESTRAINED PARTY:**
   This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any
U.S. Territory, and may be enforced by Tribal Lands under 18 U.S.C. Section 2265.  Crossing state, territorial, or tribal
boundaries to violate this order may result in federal imprisonment under 18 U.S.C. Section 2262.
   As a result of this order, it may be unlawful for you to possess or purchase ammunition or a firearm, including a
rifle, pistol or revolver, under 18 U.S.C. Section 922(g)(8).  If you have any questions whether federal law makes it illegal for
you to possess or purchase a firearm, you should consult an attorney.
   Only the court can change this order.

Page 1 of 5          *Judge's signature on last page*



EXHIBIT
**1**

ADDITIONAL PAGES OF
STIPULATED ORDER OF PROTECTION
AGAINST RESPONDENT

The court further FINDS, CONCLUDES AND ORDERS:

1.   NOTICE, APPEARANCES AND STATUS

This order was entered on stipulation of the parties.

☒ The relationship of the parties is that of an "intimate partner" as defined in 18 USC Section 921(a)(32).  (*See 2 below*)

2.   EFFECT OF STIPULATION TO ORDER OF PROTECTION

Violation of this order can have serious consequences, including:

A.   If you violate the terms of this order, you may be charged with a misdemeanor, which is punishable by imprisonment of up to three hundred sixty four (364) days and a fine of up to one thousand dollars ($1,000) or both.  You may be in contempt of court.

B.   If you are the spouse or former spouse of the other party, an individual who cohabitates with or has cohabitated with the other party, or if you and the other party have had a child together, federal law prohibits you from possessing or transporting firearms or ammunition while this order is in effect.  If you have a firearm or ammunition, you should immediately dispose of the firearm or ammunition.  Violation of this law is a federal crime punishable by imprisonment for up to ten (10) years and a fine of up to two hundred fifty-thousand dollars ($250,000).

C.   If you are not a citizen of the United States, violation of this order may have a negative effect on your application for residency or citizenship.

3.   DOMESTIC ABUSE PROHIBITED

The respondent shall not abuse the petitioner or members of the petitioner's household.

"Abuse" means any incident by respondent against the petitioner or petitioner's household member resulting in (1) physical harm; (2) severe emotional distress; (3) bodily injury or assault; (4) a threat by respondent causing imminent fear of bodily injury to petitioner or petitioner's household member; (5) criminal trespass; (6) criminal damage to property; (7) repeatedly driving by petitioner's or petitioner's household members' residence or workplace; (8) telephone harassment; (9) stalking; (10) harassment; or (11) harm or threatened harm to children in any manner set forth above.

Respondent shall not ask or cause other persons to abuse the petitioner or petitioner's household members.

Page 2 of 5

4.   CONTACT PROHIBITIONS

Respondent shall stay **100 yards** away from the petitioner and the petitioner's home and workplace at all times, unless at a public place, where the respondent shall remain **25 yards** away from the petitioner except as specifically permitted by this order.

Respondent shall not telephone, talk to, visit or contact petitioner in any way except as follows:  *(check only applicable paragraphs)* *No Exceptions*

[ ]   The parties may contact each other by telephone regarding medical emergencies of minor children;

[ ]   _____
      _____

[ ]   The parties may attend joint counseling sessions at the counselor's discretion.

*(Unless the court has entered an order sealing the protected party's address, include it below.)* *Order Sealing On File*
**Protected party's addresses:**

_____   *(home address)*
_____   *(work address)*
_____   *(city)*
_____   *(if applicable, tribe or pueblo)*
_____   *(state and zip code)*

5. COUNSELING  *None*

[ ]   Petitioner shall attend and complete counseling at _____, contacting that office within five (5) days. The petitioner shall participate in, attend and complete counseling as recommended by the named agency.

[ ]   Respondent shall attend and complete counseling at _____, contacting that office within five (5) days. The respondent shall participate in, attend and complete counseling as recommended by the named agency.

[ ]   Petitioner shall report to _____ for a [ ] drug [and] [ ] alcohol screen by _____, _____ (date) with the results returned to this court.

[ ]   Respondent shall report to _____ for a [ ] drug [and] [ ] alcohol screen by _____, _____ (date) with the results returned to this court.

[ ]   Other counseling requirements: _____
      _____.

[ ]   The court's orders regarding the minor [child] [children] of the parties
are found in the Custody, Support and Division of Property Attachment[4]
of this order of protection.

7.   **PROVISIONS RELATING TO SUPPORT**

[ ]   The court's orders regarding support issues for the parties are found in
the Custody, Support and Division of Property Attachment of this order
of protection.

8.   **PROPERTY, DEBTS, PAYMENTS OF MONEY**

[ ]   The court's orders regarding property, debts and payment of money   are
addressed in the Custody, Support and Division of Property Attachment
of this order of protection.

9.   **ADDITIONAL ORDERS**

[ ]   Review hearing. [ ] Petitioner [ ] Respondent is ordered to appear for a
review hearing on the _____ day of _____, _____, at
_____ (a.m.) (p.m.).  Failure to appear may result in the issuance
of a bench warrant for your arrest or dismissal of this order.
Any party ordered to attend counseling shall bring proof of counseling to
the review hearing.

IT IS FURTHER ORDERED: All motions alleging violations of
protection order are vacated, and may be re-set
at either party's request. The Heartland Portfolio and
401(K) accounts are frozen pending final orders of the
Divorce Court.

10.   **PETITIONER SHALL NOT CAUSE VIOLATION**

While this order of protection is in effect, the petitioner should refrain from any
act that would cause the respondent to violate this order. This provision is not
intended to and does not create a mutual order of protection.  Under
Section 40-13-6(D) NMSA 1978 only the restrained party can be arrested for
violation of this order.

11.   **NOTICE TO LAW ENFORCEMENT AGENCIES**

**ANY LAW ENFORCEMENT OFFICER SHALL USE ANY LAWFUL
MEANS TO ENFORCE THIS ORDER.**

[ ]   Respondent is ordered to surrender all keys to the residence to law
enforcement officers.

[ ]   Law enforcement officers or _____ shall be present
during any property exchange.

New Mexico, Cause No. DV 2008 - 235.2_____ to the extent that there are contradictory provisions.

12.  **NOTICE TO PETITIONER AND RESPONDENT**

This order does not serve as a divorce and does not permanently resolve child custody or support issues.

13.  **AGREEMENT OF PARTIES**

Without admitting that domestic abuse has occurred, the parties stipulate to the entry of this order and affirm that they have read and do understand the affects of this order as stated in Paragraph 2.

_____          _____
Petitioner's signature                            Respondent's signature

_____          _____
Petitioner's counsel, if any                      Respondent's counsel, if any

4-14-09                                           4-14-09
_____          _____
Date                                              Date

14.  **RECOMMENDATIONS**

I have:
[X]  reviewed the pleading for order of protection;
[X]  prepared this order as my recommendation to the district court judge regarding disposition of requests for order of protection.

_____
Domestic Violence Special Commissioner
Court's telephone number: (505) 841-6737

**SO ORDERED.**

_____
District Judge

[ ]  A copy of this order was [ ] hand delivered [ ] faxed [ ] mailed to [ ] respondent [ ] respondent's counsel on _____, _____.

[ ]  A copy of this order was [ ] hand delivered [ ] faxed [ ] mailed to [ ] petitioner [ ] petitioner's counsel on _____, _____.

_____
Signed

Page 5 of 5

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

Tonya Rigsby

PETITIONER,

VS.                                              DV _08_ - _2352_

Joseph W Rigsby

RESPONDENT.

RIVAS

FILED
SECOND JUDICIAL DIST
2010 JAN -5 AM 9:5

Juanita M Duran

## ORDER EXTENDING ORDER OF PROTECTION

THIS MATTER came before the Special Commissioner on _1/5/10_,

on a Motion to Extend Order of Protection filed on _10/13/09_, ____.

The Petitioner was present in person and represented by _self_

and the Respondent was present in person and represented by _self_

The Special Commissioner having heard testimony, offers of proof and argument, enters

the following Findings and Recommendations:

                                         entry by agreement
For good cause shown, the Order of Protection against Petitioner/Respondent

is extended and will expire on _January 5, 2015_. All other provisions of the

Order will remain in full force and effect unless modified below.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS ORDER MUST ALWAYS REMAIN ATTACHED TO THE ORDER OF

PROTECTION.

SPECIAL COMMISSIONER

The above Findings and Recommendations are hereby Reviewed, Approved, and

Adopted as an Order of the Court.

DISTRICT COURT JUDGE

**EXHIBIT**
**2**

GREGG G. VELASQUEZ
ATTORNEY AT LAW

August 15, 2011

Matt Meler
Heartland Payment Systems
25111 Country Club Blvd., Ste. 225
North Olmsted, Ohio 44070

Re:    Qualified Domestic Relations Order; Rigsby v. Rigsby; DM-2009-0345
       Bernalillo County, New Mexico

Dear Mr. Meler:

Enclosed please find a proposed Qualified Domestic Order for your review and the plans
approval.

For the protection of the parties the full social security numbers are provided under this cover
only.  Joseph Wayne Rigsby, Social Security Number: 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 and Tonya Evelyn Beatty
Sutton Social Security Number: 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.

If you have any questions, please call.

Very Truly

Gregg G. Velasquez
Attorney at Law

Enclosures (as stated)

Cc:    Joseph Wayne Rigsby
       Tonya Evelyn Beatty Sutton

3009 Louisiana Blvd. NE
Albuquerque, NM 87110
(505) 883-0918
Fax (505) 883-0928



EXHIBIT
3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

NORTH OLMSTED OH 44070          0112

| | | |
|---|---|---|
| Postage | $ | $0.64 |
| Certified Fee | | $2.85 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.79 |

Postmark
Here
AUG 29 2011

08/29/2011
USPS 87117

Sent To  Heartland Payment Systems
Street, Apt. No.; or PO Box No. 25111 Country Club  Ste 225
City, State, ZIP+4  North Olmstead Ohio  44070

PS Form 3800, August 2006          See Reverse for Instructions

7011 1150 0002 2720 9114

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Matt Meier
Heartland Payment Systems
25111 Country Club Blvd., Ste 225
North Olmstead, Ohio
44070

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7011 1150 0002 2720 9114

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

2011 AUG 29  AM 11: 11

DM-2009-0345

JOSEPH WAYNE RIGSBY SR.,

            PETITIONER,

VS.

TONYA EVELYNN RIGSBY,

            RESPONDENT.

## QUALIFIED DOMESTIC RELATIONS ORDER

Petitioner and Respondent were married to each other on February 20, 2004 and were divorced on May 16, 2011.

This Court has personal jurisdiction over both Petitioner and Respondent, and jurisdiction over the subject matter of this Order and this dissolution of marriage action.

Petitioner, Respondent and the Court intend intend that this Order shall be a Qualified Domestic Relations Order (hereinafter referred to as a "QDRO") as that term is used in the Retirement Equity Act of 1984, as amended (the "Act"), Section 206 (d) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and Section 414(p) of the Internal Revenue Code of 1986, as amended (the "Code").

This QDRO is entered pursuant to the authority granted under the applicable domestic relations laws of the state of New Mexico.



EXHIBIT
4

1.    **Participant Information**

The name, address, Social Security number, and date of birth of the Participant are as follows:

Name:        Joseph Wayne Rigsby, Sr.

Address:        2908 Sierra Dr. NE, Albuquerque, NM 87110

Social Security Number:        XXX-XX-6224  (Full SSN provided under separate cover)

Date of Birth: January 31, 1970

2.    **Alternate Payee Information**

The person named as Alternate Payee meets the requirements of the definition of Alternate Payee as set forth in Section 4 below.  The Alternate Payee's name, address, Social Security number, and date of birth of the Participant are as follows:

Name:        TONYA EVELYN RIGSBY  n/k/a TONYA EVELYN BEATTY SUTTON

Address:        8389 Quince Rd., Plymouth, IN 46563

Social Security Number:        XXX-XX-8800 (Full SSN provided under separate cover)

Date of Birth:  September 1, 1968

3.    **Name of Plan**

The Plan to which this Order applies is the Heartland 401K. The Account number is _____. Any successor to this Plan shall also be subject to the terms of the Order.

4.    **Definitions**

"Division Date" is the date on which the account is divided, which may be the date of separation or the date of divorce or such other date as agreed upon for the division of the property.

"Participant's Account" means all of the accounts of the Participant in the Plan.

5.    **Benefit Payable to Alternate Payee**

The Order assigns to the Alternate Payee an amount equal to 100% of the Participant's Vested Account Balance under the Plan (indentified in Section 3) as of May 16, 2011, the Division Date.

From the Division Date to the date the Alternate Payee's account is established, the amount assigned to the Alternate Payee:

(X) Will include earnings and losses.

( ) Will not include earnings and losses.

6.      The Alternate Payee's interest in the Plan determined in accordance with Paragraph 5 above shall be segregated and transferred into a separate account ("the Alternate Payee's Account"). The Alternate Payee's Account shall be administered under the terms of the Plan as a separate account.

7.      In accordance with the Plan's customary procedures, the Alternate Payee shall have the exclusive right to direct and manage the investment of the Alternate Payee's Account, pending distribution.

8.      The Alternate Payee's Account shall be paid in full to the Alternate Payee or directly transferred to his/her individual retirement account, at his/her election, as soon as administratively feasible after this Order is approved by the Plan as a QDRO and the Alternate Payee's Account is established pursuant to Paragraph 6 above, provided that if the Alternate Payee's consent is required under the terms of the Plan and the Alternate Payee does not consent to such distribution or transfer, payment of the Alternate Payee's Account shall be deferred in accordance with the terms of the Plan. In no event will payment of the Alternate Payee's Account begin later than the latest date permitted by Code Section 401(a)(9).

9.      The Alternate Payee shall have the right to designate the beneficiary of the Alternate Payee's Account in the event of the Alternate Payee's death prior to full payment,  without regard to any beneficiary designation made by the Participant with respect to his interest in the Plan. In the absence of a designated beneficiary, the Alternate Payee's Account payable pursuant to this

subparagraph shall be paid to the Alternate Payee's estate. The designated beneficiary or the estate shall be paid in accordance with the terms of the Plan and this Order.

10.     If the Participant dies prior to the full payment to the Alternate Payee of the Alternate Payee's Account pursuant to this Order, the Alternate Payee shall be treated as a surviving spouse of the Participant for purposes of Sections 401(a)(11) and 417 of the Code and Sections 205 and 206 of ERISA with respect to all amounts held for the Alternate Payee in the Alternate Payee's Account and all such amounts to be paid to him or her as a survivor death benefit.

11.     To the extent required by the Plan, the Code or ERISA, the Alternate Payee shall execute any and all forms necessary to cause the distribution of the Alternate Payee's Account.

12.     The Alternate Payee shall be responsible for her own federal, state and local income and other taxes attributable to any and all distributions to her from the Plan. For Purposes of the Code, the Alternate Payee shall be treated as the distributee and recipient of any distribution or payment made (or deemed made) to the Alternate Payee under this Order. As such, the Participant shall not be treated (or deemed) as the distributee of such benefits.

13.     The Court retains jurisdiction to amend this Order to establish and/or maintain its qualification as a QDRO under the Act and ERISA, and to resolve any dispute that may arise hereunder.

14.     Nothing in this Order shall be construed to require the Plan to:

A.     Provide to the Alternate Payee any type or form of benefit or any option not otherwise available to the Participant under the Plan.

B.     Provide the Alternate Payee increased benefits (determined on the basis of actuarial value) not available to the Participant.

C.   Pay any benefits to the Alternate Payee that are required to be paid to another alternate payee.

D.   Make any payment or take any action that is inconsistent with any federal law, rule, regulation or applicable judicial decision, including any such authority prescribing conditions for the continued qualification or tax-exempt status of the Plan.

IT IS SO ORDERED.

Dated: ___8/29/11_____

_____
ALISA HADFIELD
DISTRICT JUDGE

APPROVED:

_____
TONYA EVELYN RIGSBY
Respondent/Alternate Payee

_____
Gregg G. Velasquez
Attorney for Respondent
3009 Louisiana Blvd. NE
Albuquerque, NM 87110
(505) 883-0918

_____
JOSEPH WAYNE RIGSBY, SR.
Petitioner/Participant
2908 Sierra Drive NE
Albuquerque, NM 87110
(505) 235-5083

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/28/2018 5:30 PM
James A. Noel
Lorenzo Renteria

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

TONY SUTTON,

        Plaintiff,

v.                                No. D-202-CV-2018-03663

HEARTLAND PAYMENT SYSTEMS, LLC
and JOSEPH WAYNE RIGSBY, SR.,

        Defendants.

## ENTRY OF APPEARANCE

COMES NOW Rodey, Dickason, Sloan, Akin & Robb, P.A. (Nelson Franse and Krystle A. Thomas) and enters its appearance on behalf of Defendant Heartland Payment Systems, LLC in connection with the above-captioned matter.

Dated: June 28, 2018        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                            By       */s/ Krystle A. Thomas*
                               Nelson Franse
                               Krystle A. Thomas
                        P. O. Box 1888
                        Albuquerque, NM 87103
                        Telephone: (505) 765-5900
                        FAX: (505) 768-7395
                        nfranse@rodey.com; kthomas@rodey.com
                        *Attorneys for Defendant Heartland Payment Systems,*
                        *LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the Court's electronic filing system and caused to be served a copy of the foregoing on all participants and counsel of record as more fully reflected on the Notice of Service.

                            RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                            By    */s/ Krystle A. Thomas*
                                 Krystle A. Thomas

2771794.1