# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TONYA SUTTON,

    Plaintiff,

v.

HEARTLAND PAYMENT SYSTEMS, LLC, and JOSEPH WAYNE RIGSBY, SR.,

    Defendants.

No. 1:18-cv-00723-PJK-KK

# MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF TONYA SUTTON'S MOTION TO REMAND

THIS MATTER is before the court on Plaintiff Tonya Sutton's Motion to Remand (ECF No. 17). Upon consideration thereof, the court finds the motion is not well taken and should be denied.[1]

## Background

Plaintiff Tonya Sutton sued her former employer, Defendant Heartland Payment Systems LLC (HPS), and her ex-husband, Defendant Joseph Wayne Rigsby, Sr., in New Mexico state court for (1) breach of contract, (2) conversion, (3) unjust enrichment, and

---

[1] This case was transferred to the undersigned on April 5, 2019. ECF No. 40.

(4) conspiracy.  See generally Compl. (ECF No. 1-1).  According to Ms. Sutton, she had a portfolio account at HPS that was fully vested and worth over $300,000.  Id. at 2–3.  She claims that HPS, without her knowledge or permission, merged her portfolio into Mr. Rigsby's portfolio at some time after their marriage and while Mr. Rigsby was also employed at HPS.  Id.  She also claims that HPS failed to make distributions from Mr. Rigsby's 401(k) account as required by a Qualified Domestic Relations Order (QDRO) entered in state district court as part of Ms. Sutton's divorce from Mr. Rigsby.  Id. at 4–5.  She claims that Mr. Rigsby was aware of the merger of the two portfolio accounts and that he has been unjustly enriched by receiving funds from both the portfolio and the 401(k) that rightly belong to her.  Id. at 5–6.  Together, she alleges HPS and Mr. Rigsby conspired to deprive her of the value of her HPS portfolio and Mr. Rigsby's 401(k) account.  Id. at 6.

HPS removed the suit on the ground that at least one of Ms. Sutton's claims was completely preempted by ERISA, giving this court federal question jurisdiction.  Notice of Removal at 2–3.  Ms. Sutton opposes removal, claiming she is merely seeking the value of her converted HPS portfolio and enforcement of a QDRO.  See Pl.'s Mot. to Remand; Pl.'s Reply in Supp. of Mot. to Remand (ECF No. 22).  She argues neither of those claims creates federal jurisdiction.  HPS responds that Ms. Sutton is claiming entitlement to funds in a 401(k) account governed by ERISA and alleging that HPS has failed to properly administer the account to disburse the funds to her; thus, the action is one "to recover benefits due . . . under the terms of [the] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of

the plan," 29 U.S.C. § 1132(a)(1)(B), making ERISA the exclusive mechanism for her claim. See Def.'s Resp. in Opp'n at 1, 3 (ECF No. 19).

## Discussion

In general, an action originally filed in state court is properly removable to federal court when there is either (1) diversity of citizenship among the parties or (2) a claim that arises under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441. Here, Defendants removed based on the latter ground. Notice of Removal (ECF No. 1). Normally, the presence of federal question jurisdiction is tested by the "well-pleaded complaint" rule. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392–93 (1987). According to this rule, a court looks to the face of a plaintiff's complaint to determine whether the complaint pleads a federal cause of action or instead relies exclusively on state-law claims. Id. A complaint that does not raise a federal claim — even if it necessarily will raise a federal *defense* — does not create a basis for federal jurisdiction. Id. at 393.

Notwithstanding the well-pleaded complaint rule, an action that pleads only state-law claims is still removable to federal court when the claims fall within the "complete preemption" of a federal statute. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1987). According to the complete preemption doctrine, Congress occasionally demonstrates its intent to sweep so broadly with an enactment that federal law entirely displaces an area of state law. See Carland v. Metro. Life Ins. Co., 935 F.2d 1114, 1118–19 (10th Cir. 1991). When it does so, "a claim which comes within the scope of [a

preempted] cause of action, even if pleaded in terms of state law, is in reality based on federal law." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). The Supreme Court has said that ERISA's § 502 is one example of a federal provision that completely preempts state-law actions, leaving federal law as the exclusive cause of action and remedy for state-law claims of the same nature. Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1154–56 (10th Cir. 2004). Accordingly, "[a] state law claim will convert to a federal claim . . . if the claim is preempted by ERISA and within the scope of ERISA's civil enforcement provisions." Carland, 935 F.2d at 1119.

To determine whether a plaintiff's state-law claim is completely preempted, a court may need to recharacterize the state-law claim in the complaint and ask whether the action could have been brought as a federal claim under ERISA § 502. See Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004). If the answer is "yes," then ERISA is the exclusive avenue for that claim. Id. Here, HPS argues Count II of Ms. Sutton's complaint "squarely falls within ERISA § 502(a)." Def.'s Resp. in Opp'n at 3. Count II claims that HPS has failed to distribute to Ms. Sutton her portion of Mr. Rigsby's 401(k) account in compliance with the QDRO. Compl. at 5. HPS reminds the court that once federal subject matter jurisdiction is established over one claim, a court may assert supplemental jurisdiction over the remaining related state-law claims. See 28 U.S.C. § 1367(a).

The parties do not dispute that the HPS 401(k) account is a plan organized pursuant to ERISA. The QDRO named Ms. Sutton as an "alternate payee" of the HPS 401(k). QDRO at 2 (ECF No. 1-1, Ex. 4, at 17). And ERISA provides that, as an

4

alternate payee, she is to be considered a beneficiary under the HPS plan. See 29 U.S.C. § 1056(d)(3)(J) ("A person who is an alternate payee under a qualified domestic relations order shall be considered for purposes of any provision of this chapter a beneficiary under the plan."). Recharacterized for federal law purposes, then, the nature of Ms. Sutton's claim is that, as a beneficiary created by a QDRO, she is entitled to additional benefits from an ERISA-governed plan from the plan's administrator. This is a paradigmatic ERISA claim. In ERISA terms, her suit is "a civil action . . . brought by a . . . beneficiary . . . to recover benefits due to [her] under the terms of [the] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." ERISA § 502(a) (codified at 29 U.S.C. § 1132(a)).

Granted, not all ERISA claims are completely preempted. State laws that merely conflict with ERISA are not validly removable to federal court because so-called conflict preemption is a federal defense and defenses do not confer removal jurisdiction. See Felix, 387 F.3d at 1156–58 (explaining the distinction between total preemption under § 502 and conflict preemption under § 514). But because Ms. Sutton is an ERISA beneficiary claiming additional benefits from her ERISA plan, her claim strikes at the heart of the remedial scheme defined by § 502. This contrasts with state-law claims that merely possess a "tenuous, remote, or peripheral connection with [ERISA] covered plans," which fall under § 514 and are not removable. Id. at 1154. Given the "extraordinary pre-emptive power" of § 502(a), Ms. Sutton's motion to remand must be denied. Aetna Health, 542 U.S. at 209.

NOW, THEREFORE, IT IS ORDERED that Ms. Sutton's Motion to Remand (ECF No. 17) filed September 28, 2018, is denied.

DATED this <u>24th</u> day of April 2019, at Santa Fe, New Mexico.

<u>Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation

Counsel:

Stephen P. Curtis, Attorney at Law, P.C., Albuquerque, New Mexico, for Plaintiff.

Nelson Franse and Krystle A. Thomas, Rodey Dickason Sloan Akin & Robb P.A., Albuquerque, New Mexico, for Defendant Heartland Payments Systems LLC.