UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONYA SUTTON,

    Plaintiff,

v.

HEARTLAND PAYMENT SYSTEMS, LLC, and JOSEPH WAYNE RIGSBY, SR.,

    Defendants.

No. 1:18-cv-00723-PJK-KK

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT HEARTLAND PAYMENT SYSTEMS LLC'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the court on Defendant Heartland Payment Systems LLC's (Heartland) Motion for Summary Judgment (ECF No. 29). Upon consideration thereof, the court finds the motion is well taken and should be granted.

**Background**

In 2003, Tonya Sutton was hired by Heartland, a company that offers payment processing, payroll, and other financial services. Compl. at 2 (ECF No. 1-1); About Us, Heartland Payment Systems, https://www.heartlandpaymentsystems.com/about-us (last visited May 2, 2019). Before joining Heartland, Ms. Sutton worked for what was then

Morgan Stanley Dean Witter's Discover Card business selling various financial services products. Compl. at 1. She accepted an early retirement package from Morgan Stanley, but one condition of her retirement was a noncompete agreement. Id. According to Ms. Sutton, she was then hired by Heartland with the expectation that she would train one of Heartland's existing employees, Joseph Rigsby, Sr., and use her knowledge of the financial industry from Morgan Stanley to acquire clients for Heartland. Id. at 2. By pairing Ms. Sutton with Mr. Rigsby, Heartland was able to solicit Ms. Sutton's Morgan Stanley clients without triggering her noncompete agreement. Id. She claims that this arrangement continued throughout her three years at Heartland and was so successful that Mr. Rigsby was promoted to Division Manager for New Mexico. Id. Ms. Sutton retired from Heartland in 2006, but she says that she continued to be involved in Heartland business by assisting Mr. Rigsby (who was still a Heartland employee) in bringing in new clients. Id.

At the time she retired from Heartland, Ms. Sutton claims she was the owner of a "Heartland Portfolio Account." Id. This account was a form of deferred income and performance compensation tied to the number of clients she had recruited — the amount in the portfolio account was tied to the number of clients, retention of clients, length of time as a client, and each client's volume of services used. Final Decree of Dissolution of Marriage at 5, ¶¶46–51 (ECF No. 29-1, Ex. A) ("Divorce Decree"); Pl.'s Resp. Mot. Summ. J. at 5 n.1 (ECF No. 38). Ms. Sutton states that at the time of her retirement she was the owner of and "fully vested" in her portfolio account. Compl. at 2–3, ¶¶ 16–17.

In 2004, Ms. Sutton married Mr. Rigsby, but by 2009 the couple had separated and

begun divorce proceedings. Id. at 2; Divorce Decree at 1, ¶4. A final decree of dissolution of their marriage was entered in New Mexico state court on May 16, 2011. Divorce Decree at 1. The final decree made a number of findings, including a tally and division of their individual and marital assets. See generally id. The divorce court also entered a Qualified Domestic Relations Order (QDRO), within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), that named Ms. Sutton an alternate payee of Mr. Rigsby's 401(k) retirement account managed by Heartland. Qualified Domestic Relations Order at 38–39, ¶¶2, 7–9 (ECF No. 1-1, Ex. 4).

As part of the divorce proceedings, Ms. Sutton says she discovered that Heartland and Mr. Rigsby had stolen the value of her Heartland portfolio account from her. Compl. at 3. At some time after her marriage to Mr. Rigsby, she claims that Heartland merged her portfolio account with Mr. Rigsby's portfolio account without her knowledge. Id. She claims Mr. Rigsby was aware of the merger of their accounts, and she claims that her portfolio account was worth more than $300,000 at the time. Id. at 3, 5. According to Ms. Sutton, Heartland allowed Mr. Rigsby to cash in the portfolio account and receive funds that rightly belonged to her. Id. at 3. In addition to merging her portfolio account, Ms. Sutton also claims that Heartland failed to pay benefits from Mr. Rigsby's 401(k) account as required by the QDRO. Id. at 4–5.

On May 10, 2018, Ms. Sutton sued Heartland and Mr. Rigsby in New Mexico state court[1] for (1) breach of contract, (2) conversion, (3) unjust enrichment, and (4)

---

[1] Ms. Sutton previously sued Heartland and Mr. Rigsby in state court. See Sutton v. Heartland Payment Sys. Inc., No. D-202-CV-201509069 (N.M. 2d Jud. Dist. Ct. Dec. 2,

conspiracy. See Compl. Heartland removed the case on the ground that Ms. Sutton's claims regarding Mr. Rigsby's 401(k) account were completely preempted by ERISA § 502(a). See Notice of Removal (ECF No. 1). Ms. Sutton moved to remand, but this court denied that motion. See Mem. Op. & Order Denying Pl.'s Mot. Remand, Sutton v. Heartland Payment Sys. LLC, No. 1:18-cv-00723-PJK-KK, 2019 WL 1795536 (D.N.M. Apr. 24, 2019) (ECF No. 44) ("Remand Order"). Heartland also moved for summary judgment on the ground that all of Ms. Sutton's claims against it are barred by limitations and that it is entitled to judgment as a matter of law on the undisputed material facts. Def.'s Mot. Summ. J. Mr. Rigsby, meanwhile, has not appeared in this action.[2]

**Discussion**

A motion for summary judgment should be granted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court views the factual record and reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party. Banner Bank v. First Am. Title Ins. Co., 916 F.3d 1323, 1326 (10th Cir. 2019). The court already

---

2015); see also Def.'s Mot. Summ. J. at 2. The case was dismissed by the state court for lack of prosecution in 2016 and 2017 and then reopened; it was dismissed for lack of prosecution again in 2018 and the court denied a motion to reinstate on May 2, 2018. See Docket, Sutton, No. D-202-CV-201509069, available at https://caselookup.nmcourts.gov/caselookup/app (last visited May 2, 2019).

[2] On September 24, 2018, Ms. Sutton filed a motion for default judgment as to Mr. Rigsby, but the court denied that motion as premature. See Order Denying Pl.'s Mot. Default J. (ECF No. 45).

4

determined that ERISA governs Count II of Ms. Sutton's complaint.  Remand Order at *2.  The parties appear to agree that New Mexico law governs the remaining state-law claims.  See, e.g., Def.'s Mot. Summ. J. at 9–11; Pl.'s Resp. at 4–5.

### A. Count I: Claims Against Heartland for the Portfolio Account

Ms. Sutton's complaint alleges that Heartland committed the tort of conversion when it merged her portfolio account with Mr. Rigsby's portfolio account without her permission or knowledge.  Compl. at 2–4.  She seeks damages in the amount of the account's worth at the time it was converted, or $300,000.  Id. at 3.  Heartland responds that Ms. Sutton is time barred because she knew or should have known that she had no separate portfolio account by May 16, 2011.  Def.'s Mot. Summ. J. at 9–10.  New Mexico has a four-year statute of limitations for conversion of personal property, N.M. Stat. Ann. § 37-1-4 (West 1978), so the limitations period would have expired no later than May 16, 2015 — almost three years before Ms. Sutton filed her complaint in this case on May 10, 2018.[3]  Compl. at 1.

Heartland claims Ms. Sutton knew or should have known about a different and separate portfolio account by May 16, 2011, because that was the date the New Mexico

---

[3] The court agrees with Heartland that Ms. Sutton's state court proceedings were insufficient to toll the statute of limitations period on her claims.  See King v. Lujan, 646 P.2d 1243, 1244–45 (N.M. 1982) ("[E]ven though the filing of a suit ordinarily tolls the applicable limitations period, when an action is dismissed without prejudice because of a failure to prosecute, the interruption is considered as never having occurred."); see also Gathman-Matotan Architects & Planners, Inc. v. State Dep't of Fin. & Admin., 787 P.2d 411, 413–14 (N.M. 1990).  And even assuming her current complaint did receive the benefit of tolling back to the date of her initial filing, the initial state court complaint was still filed outside the limitations period — it was filed December 2, 2015, see supra note 1, and the limitations period expired on May 16, 2015, at the latest.  See infra.

state court entered the decree of dissolution of marriage in Ms. Sutton and Mr. Rigsby's divorce case. Def.'s Mot. Summ. J. at 9; see also Divorce Decree at 1. Ms. Sutton, by contrast, argues she did not learn that her portfolio account was converted until 2015. Pl's Resp. at 3–5. Based on the undisputed material facts and collateral estoppel, Heartland has the better argument.

In the divorce proceedings, the state court considered both the Heartland Residual Portfolio and the Heartland 401(k). Ms. Sutton did not claim ownership of any Heartland Residual Portfolio account other than the one identified in the decree. Def.'s Mot. Summ. J. at 4, Undisputed Material Fact ("UDMF") No. 3. The state court found that the Heartland Portfolio Account was earned by Mr. Rigsby, though it was community income and divided equally. Id., UDMF Nos. 4–5; Divorce Decree at 5, ¶46; id. at 10, ¶P. Heartland argues Ms. Sutton either knew she did not have an account "because she did not claim a portfolio as an asset in her divorce" or should have known "because the domestic relations court did not find the existence of a separate portfolio for [her]." Def.'s Mot. Summ. J. at 9. Essentially, Heartland contends Ms. Sutton should be collaterally estopped from relitigating the state court's factual findings underlying its divorce decree.

Collateral estoppel, also known as issue preclusion, will bar relitigation of an issue already determined in a prior adjudication if:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the

prior action.

Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir. 1995) (quoting United States v. Rogers, 960 F.2d 1501, 1508 (10th Cir. 1992)).  Collateral estoppel applies to issues of evidentiary fact, of ultimate fact (i.e., "application of law to fact"), and of law.  Restatement (Second) of Judgments § 27(c) (Am. Law Inst. 1982).  New Mexico treats domestic relations judgments as determinations on the merits that generally have preclusive effect.  See Tedford v. Gregory, 959 P.2d 540, 546 (N.M. Ct. App. 1998).

Here, the requirements for collateral estoppel are met as to the existence and status of the Heartland Residual Portfolio account: only a single portfolio account earned by Mr. Rigsby existed at the time of the divorce decree.  First, the issue was previously decided and is identical to the issue presented here, and it was necessary to the ultimate determination in the prior action because the divorce decree was meant to be a final resolution on the division of the individual and community assets of Mr. Rigsby and Ms. Sutton.  Second, the divorce decree was a final determination on the merits.  Third, the doctrine is being invoked against Ms. Sutton, who was a party to the prior action.  And finally, Ms. Sutton had a full and fair opportunity to litigate the issue in the prior action and had an incentive to do so given the stakes of the divorce decree.  Accordingly, the court will treat as conclusively established that, as of May 16, 2011, (1) only one portfolio account existed and (2) it was earned by Mr. Rigsby.

Ms. Sutton has failed to properly contest the undisputed operative material facts as set forth by Heartland.  If a nonmovant wishes to contest a movant's assertion of fact, Rule 56 requires the nonmovant to support her contention that the fact is genuinely

disputed with specific evidence. Fed. R. Civ. P. 56(c). What's more, the local rules provide that the movant's material facts "will be deemed undisputed unless specifically controverted" in the nonmovant's response. D.N.M.LR-Civ. 56.1(b). Far from specifically controverting Heartland's list of material facts with evidence, Ms. Sutton admitted that Heartland's undisputed material facts 3–5 are "technically correct" and failed to mention facts 1, 2, 6–8, or 11–19. Pl.'s Resp. at 1–4. Merely providing an alternative set of facts without first controverting the movant's set of facts is insufficient. Accordingly, these undisputed facts establish that Ms. Sutton "did not claim ownership of any other Heartland portfolio other than her entitlement to half of Rigsby's portfolio as a community asset," "[t]he domestic relations court found that Rigsby's portfolio was a community asset valued at $48,413, and divided that community asset equally between the parties," and "[t]he domestic relations court did not find that Rigsby improperly removed any portion of this community asset." Def.'s Mot. Summ. J. at 4.

Given the facts established in the Divorce Decree and undisputed from Heartland's summary judgment motion, Heartland is correct to argue that Ms. Sutton's conversion claim regarding the Heartland portfolio account is time barred. Ms. Sutton knew or should have known on or before May 16, 2011, that she did not have a separate Heartland portfolio account. The only portfolio account that existed at that time was the account owned by Mr. Rigsby. The statute of limitations began to run on that date and expired no later than May 16, 2015. Her complaint filed May 10, 2018, was untimely. Heartland is entitled to summary judgment on Count I.

**B.     Count II: Claims Against Heartland for Mr. Rigsby's 401(k) Account**

In her Response to Heartland's Motion for Summary Judgment, Ms. Sutton conceded that her claims against Heartland regarding Mr. Rigsby's 401(k) account are time barred by the applicable statute of limitations. Pl.'s Resp. at 5. Accordingly, the court will grant summary judgment in favor of Heartland on Count II.

**C.     Count IV: Conspiracy Liability**

Count IV of Ms. Sutton's complaint alleges a civil conspiracy between Heartland and Mr. Rigsby to deprive her of the value of her portfolio account and payments from Mr. Rigsby's 401(k) account. Compl. at 6. As such, it does not allege a separate cause of action, but merely a theory of how Defendants would be jointly and severally liable for their torts. See Seeds v. Lucero, 113 P.3d 859, 862 (N.M. Ct. App. 2005). The conspiracy count, then, depends on a viable underlying tort claim. Here, however, there are no viable underlying torts to support a conspiracy theory because Counts I and II are barred by limitations. Thus, Heartland is also entitled to summary judgment on Count IV of Ms. Sutton's complaint.

NOW, THEREFORE, IT IS ORDERED that Defendant Heartland Payment Systems LLC's Motion for Summary Judgment (ECF No. 29) filed February 19, 2019, is granted.

DATED this <u>6th</u> day of May 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Stephen P. Curtis, Attorney at Law, P.C., Albuquerque, New Mexico, for Plaintiff.

Nelson Franse and Krystle A. Thomas, Rodey Dickason Sloan Akin & Robb P.A., Albuquerque, New Mexico, for Defendant Heartland Payments Systems LLC.