# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TONYA SUTTON,

    Plaintiff,

v.

HEARTLAND PAYMENT SYSTEMS, LLC, and JOSEPH WAYNE RIGSBY, SR.,

    Defendants.

No. 1:18-cv-00723-PJK-KK

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

THIS MATTER is before the court on Plaintiff Tonya Sutton's Motion for Leave to File Amended Complaint (ECF No. 50). Upon consideration thereof, the court finds the motion is not well taken and should be denied.

The court's previous memorandum opinion and order granted summary judgment in favor of Defendant Heartland Payment Systems LLC. See Mem. Op. & Order Granting Def.'s Mot. Summ. J., Sutton v. Heartland Payment Sys. LLC, No. 1:18-cv-00723-PJK-KK, 2019 WL 1992913 (D.N.M. May 6, 2019) (ECF No. 49) ("Summary Judgment Order"). Ms. Sutton has now moved for leave to file an amended complaint.[1]

---

[1] In her reply brief, Ms. Sutton argues that her motion "should more appropriately be

As grounds for that motion, she says that the court's memorandum opinion "clarified" the facts and legal claims in this case "significantly." Pl.'s Mot. for Leave at 1.

Heartland opposes leave to amend, Def.'s Resp. Opp'n at 1 (ECF No. 52), so Ms. Sutton may only amend her complaint if this court grants her leave. Fed. R. Civ. P. 15(a)(2). While "[a] court should freely give leave [to amend] when justice so requires," id., the decision is committed to the district court's discretion. Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018). District courts assess several factors when ruling on a motion for leave to amend, including: (1) whether the amendment will result in undue prejudice to the defendant, (2) whether the request is untimely or the result of undue delay, (3) whether the plaintiff knew or should have known the facts on which the amendment is based but failed to include them in the original complaint, and (4) whether amendment of the complaint will be futile. See id. at 1203–04; Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990).

Here, two factors counsel against leave to amend. First, any amendment of Ms. Sutton's complaint would be futile, and second, her motion for leave to amend is untimely. An amendment is futile when the complaint, as amended, would still "be subject to dismissal for any reason, including that the amendment would not survive a

---

characterized as a Motion for Reconsideration" of the Summary Judgment Order, or "[i]n the alternative, . . . a Motion for Leave to Amend out of time." Pl.'s Reply at 1 (ECF No. 53). To the extent Ms. Sutton recharacterizes her motion and relief sought in her reply, the court declines to consider it. See Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1192 (10th Cir. 2006); Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).

2

motion for summary judgment" or fails to state a claim. Watson v. Beckel, 242 F.3d 1237, 1239–40 (10th Cir. 2001). The amended complaint includes no new material facts, it merely rearranges the facts in the original complaint and summary judgment briefing. See generally Am. Compl. (ECF No. 50, Attach. 1). Likewise, the amended complaint does not change the legal claim for relief against Heartland, which is conversion. Accordingly, given the material facts stated in the Summary Judgment Order, the amended complaint does not adduce anything new that would change the court's previous legal determination. The court fails to see, then, how the amended complaint would be capable of surviving summary judgment where the original complaint did not.

In addition, her motion is untimely. As Heartland points out in its response to her motion, Ms. Sutton's motion comes months after the October 12, 2018, deadline for amendment set by the court's case management order. Joint Status Report at 1 (ECF No. 14). And to the extent that Ms. Sutton can be said to have changed her theory regarding Heartland's liability, the facts and theories she alleges should have been known to her before the summary judgment motion. In these circumstances, the time to amend her complaint was before the court entered summary judgment. She cannot now move the goalposts, so to speak, to see what will survive summary judgment where she previously failed. See Combs v. PriceWaterhouseCoopers LLP, 382 F.3d 1196, 1205–06 (10th Cir. 2004); Trotter v. Regents of Univ. of N.M., 219 F.3d 1179, 1185 (10th Cir. 2000).

NOW, THEREFORE, IT IS ORDERED that Ms. Sutton's Motion for Leave to File Amended Complaint (ECF No. 50) filed May 10, 2019, is denied.

DATED this 19th day of June 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation