# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TONYA SUTTON,

    Plaintiff,

v.

HEARTLAND PAYMENT SYSTEMS, LLC, and JOSEPH WAYNE RIGSBY, SR.,

    Defendants.

No. 1:18-cv-00723-PJK-KK

## ORDER ON PLAINTIFF TONYA SUTTON'S REQUEST FOR DEFAULT JUDGMENT

THIS MATTER is before the court on Plaintiff Tonya Sutton's request for default judgment made at the default hearing on October 3, 2019. Upon consideration thereof, the court finds the request is not well taken and should be denied.

Defendant Joseph Wayne Rigsby, Sr. has not made an appearance in this lawsuit. When a defendant fails to plead or defend, a plaintiff may seek a default judgment under Fed. R. Civ. P. 55. The clerk entered Mr. Rigsby's default on August 22, 2019. ECF No. 55. Following the clerk's entry, the court set the matter down for a hearing.

Before the court may enter a default judgment it must satisfy itself that it has personal jurisdiction over the defendant and there is an adequate basis in the pleadings to

support the judgment. See Bixler v. Foster, 596 F.3d 751, 761 (10th Cir. 2010). "In reviewing a default judgment, this court takes 'the well-pleaded factual allegations' in the complaint 'as true.'" DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (quoting Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992)). However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). And district courts have discretion to decline to award default judgment when there are serious doubts as to the merits of the plaintiff's substantive claim. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Accordingly, the court makes the following findings of fact and conclusions of law:

1. The court has jurisdiction over the parties to this action. Mr. Rigsby is a New Mexico citizen and was served with a copy of the summons and complaint. See ECF No. 7.

2. Mr. Rigsby failed to answer and a certificate of default was entered. See ECF No. 55.

3. Ms. Sutton acknowledged that the claims asserted in this lawsuit arose out of a divorce action filed in the Second Judicial District, Bernalillo County, New Mexico, captioned DM 2009-345, Joseph Wayne Rigsby v. Tony Evelyn Rigsby. She relies upon an interlocutory order of protection of March 26, 2009 (later extended to expire on January 5, 2015) which froze the Heartland 401(k) and Heartland Residual Portfolio "pending final orders of the divorce court." ECF No. 37-4 at 3, 10; ECF No. 37-5.

4. The Final Decree of Dissolution of Marriage was filed May 16, 2011. ECF No. 29-1, Ex. A.

5. The state court found that the Heartland Residual Portfolio Account payments come on the fifteenth day of the month, and that the account was worth $48,413.00 at the time of the trial. ECF No. 29-1 at 5, ¶¶ 47, 52. In the final order of the divorce court, Ms. Sutton was awarded half the total amount, $24,206.00, ECF No. 29-1 at 10, ¶ P, and 100% of the Heartland 401(k) account opened by Ms. Rigsby during the marriage. ECF No. 29-1 at 6, ¶ 59.

6. The divorce action was finalized on May 16, 2011, and no appeal was initiated. ECF No. 29-1 at 1.

7. In her amended complaint, Ms. Sutton claims that the Heartland Residual Portfolio account was worth $300,000, and that Mr. Rigsby converted it and conspired with defendant Heartland Payment Systems LLC, making both defendants jointly and severally liable. ECF No. 1-1 at 24.

8. A hearing on default was held on October 3, 2019.

9. At the hearing, Ms. Sutton's counsel admitted that Ms. Sutton was aware of the Heartland Residual Portfolio account at the time of the divorce proceedings, and that Mr. Rigsby was included in this complaint on the basis of joint liability with defendant Heartland Payment Systems. Counsel further admitted that the order of protection provision that froze the Heartland Residual Portfolio account and Heartland 401(k) was only in effect until the final decree of the divorce court (May 16, 2011).

10. Ms. Sutton was allowed to furnish the court a revised calculation of damages; the court has not received such a calculation, but now deems it unnecessary after considering the relationship between this case, the divorce action, and the considerable passage of time between the two.

11. Ms. Sutton failed to produce any evidence of the existence of any other Heartland Residual Portfolio Account, nor did she adequately explain her failure to contest the state district court's findings as to the Heartland Residual Portfolio Account at the time of her divorce from Mr. Rigsby.

12. Ms. Sutton contends that she did not learn of distributions from Mr. Rigsby's Heartland Residual Portfolio Account until April 2015 based on discovery she received from Defendant Heartland Payment Systems LLC. She claims that Mr. Rigsby received portfolio buyouts of $135,133.20 and residual income of $113,055.39, during the period from January 1, 2010 to May 13, 2016, however, the check history detail does not support her claim that she was entitled to such funds as part of a separate portfolio account owned by her that existed prior to the final decree. ECF No. 37. The court notes that several of the entries in the check history detail occurred long after the final decree.

13. The parties (Ms. Sutton and Mr. Rigsby) are identical to the parties in the state court action and the state court considered both the Heartland Residual Portfolio and the Heartland 401(k).

14. The order of protection by its terms was in effect only until the final decree.

15. Ms. Sutton knew or should have known on or before May 16, 2011, that there was

no other Heartland Portfolio Account and is precluded from litigating the issue anew.

16. Ms. Sutton is not entitled to default damages against Mr. Rigsby because the record simply does not support the damages claimed.

NOW, THEREFORE, IT IS ORDERED that Ms. Sutton's request for default judgment is denied. The court will enter a take-nothing final judgment.

DATED this 17th day of October 2019, in Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation